1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   Richard R. Zurek,                              No. MC-12-00110-PHX-GMS

                              Petitioner,          **ORDER**
10

11  v.

12  United States Internal Revenue Service;
    Samuel Martin Ely,
13
                              Respondents.
14

15

16         Pending before the Court is the Motion to Dismiss of the United States Internal

17  Revenue Service ("IRS"). (Doc. 6.) For the reasons discussed below, the IRS's Motion to

18  Dismiss is granted.

19         On or about October 16, 2012, IRS Revenue Agent and Defendant Samuel Martin

20  Ely issued administrative summonses to Bank of America, Farmers Insurance Federal

21  Credit Union ("Farmers"), and Desert Schools Federal Credit Union ("Desert Schools").

22  (*See* Docs. 1, 2, 3.) The summonses were issued in connection with the IRS's

23  investigation of Petitioner Richard Zurek's federal income tax liability for the years 2008

24  through 2011. (Doc. 6 at 1.) Zurek subsequently filed Petitions to Quash the summonses

25  within the twenty-day period set forth in 26 U.S.C. § 7609(b)(2). (Docs. 1, 2, 3.) Zurek

26  claimed that Agent Ely was improperly "using the summons power to expand the tax

27  years being reviewed." (*Id.*) However, Zurek failed to mail registered or certified copies

28  of the petitions to the entities summoned within twenty days of filing his petition, as

1    required by 26 U.S.C. § 7609(b)(2)(B). Defendants thus moved to dismiss Zurek's

2    Petitions as lacking in subject matter jurisdiction. (Doc. 6 at 7–8.) Zurek did not file a

3    Response to the Defendants' Motion to Dismiss.

4        The IRS, as a unit of the federal government, enjoys sovereign immunity from suit

5    unless Congress has expressly consented to such suits. *Lane v. Pena*, 518 U.S. 187, 192

6    (1996). Similarly, "a suit against IRS employees in their official capacity is essentially a

7    suit against the United States" and thus requires "express statutory consent to sue."

8    *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

9        Here, Congress has given express consent to sue in 28 U.S.C. 7609(b)(2), which

10    waives sovereign immunity for actions to quash summonses by the IRS. *Mollison v.*

11    *United States*, 568 F.3d 1073, 1075 (9th Cir. 2009). However, "limitations and conditions

12    upon which the Government consents to be sued must be strictly observed and exceptions

13    thereto are not to be implied." *Id.* (quoting *Soriano v. United States,* 352 U.S. 270, 276

14    (1957)). Federal courts lack subject matter jurisdiction over "any action that does not fit

15    within the scope of the Congressional waiver. *Taylor v. United States*, 292 F. App'x 383,

16    385 (5th Cir. 2008). The Ninth Circuit has observed that "when Congress attaches

17    conditions to waiving sovereign immunity . . . those conditions must be 'strictly

18    observed.'" *Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2009).

19        Here, the statutory waiver contains a requirement that the petitioner mail by

20    regular or certified mail a copy of the petition to the parties summoned within twenty

21    days of filing the petition. 26 U.S.C. § 7609(b)(2)(B). However, the Supreme Court has

22    recognized that statutes of limitation and other statutory deadlines can be equitably tolled

23    in some circumstances. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133

24    (2008). Conversely, when the limitations period is absolute and equitable tolling cannot

25    be applied, the timing requirement is "referred to, in 'shorthand,' as 'jurisdictional. '"

26    *Marley*, 567 F.3d at 1035 (quoting *John R. Sand*, 552 U.S. at 133). The difference turns

27    on whether the statutory limitation functions "to protect a defendant's case-specific

28    interest in timeliness" or to "achieve a broader system-related goal, such as facilitating

1    the administration of claims, limiting the scope of a governmental waiver of sovereign

2    immunity, or promoting judicial efficiency." *Id.*

3        Under Ninth Circuit precedent, the petitioner's failure to comply with the twenty-

4    day limit in 26 U.S.C. § 7609(b)(2)(B) strips the district court of jurisdiction. *See*

5    *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985); *Bharose v. United States*,

6    210 F. App'x 713, 714 (9th Cir. 2006). The purpose of § 7609(b)(2)(B) supports a finding

7    that the twenty-day limit is jurisdictional in nature. The requirement that petitioner mail

8    the petition to the summoned party within a delineated period of time serves to ensure

9    that the summoned party is notified of a potential problem with the summons, preventing

10   them from complying with a faulty subpoena. It also limits the scope of Congress's

11   waiver of sovereign immunity. Thus, the statutory limitation functions to achieve a

12   broader system-related goal and should be considered jurisdictional.

13       Zurek failed to comply with the twenty-day deadline for mailing copies of the

14   petition to the summoned parties set out in § 7609(b)(2)(B). Thus, this Court has no

15   subject matter jurisdiction over his Motions to Quash.

16       **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is

17   **GRANTED**. The Clerk of Court is directed to terminate this action.

18       Dated this 4th day of April, 2013.

19

20   _____

21       G. Murray Snow
         United States District Judge

22

23

24

25

26

27

28